On April 6, 1979 the court entered the following order:
Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
Plaintiff, appearing pro se, alleges in his petition that he served in the Navy from April 1943 to December 1945 (being honorably discharged on December 16, 1945); that *617 while in the service he "intercepted and changed a Japanese code and fed the enemy false information in four major battles,” leading to the saving of many American servicemen’s lives; that President Franklin D. Roosevelt "had appropriated $50,000.00 to me”; and that the plaintiff and the Navy then agreed that this money (as well as a medal of honor) "would be handled by the Navy in an account in a bank for interest, until my death and paid to my Daughter, OR, I could withdraw it on request.” The petition also asserts that in 1978 the Navy stated that it had no record of these asserted facts. The demand is for $320,221, which is $50,000 plus interest at 5.5% for 34 years.
Defendant moves to dismiss the petition as long barred by the six-year statute of limitations, 28 U.S.C. §2501. The contention is that the claim accrued during President Roosevelt’s administration which ended in 1945. We cannot, however, accept this position because the petition, on its face, alleges in effect that the Navy agreed to set up a type of lifetime savings account for plaintiff, from which plaintiff could draw on request, and that no refusal to pay out the money was made until 1978. (The petition here was filed on October 20, 1978). On this bare motion to dismiss it is our duty to take the petition at face value, and it is settled that in the alleged circumstances limitations does not begin to run until demand is made and payment is refused. See Nyhus v. Travel Management Corp., 466 F.2d 440, 452-54 (D.C. Cir. 1972); 54 C.J.S. §§ 145, 147, 159; see Oceanic S.S. Co. v. United States, 165 Ct. Cl. 217, 225 (1964).
Defendant has not moved for summary judgment on the ground that no such agreement was ever made by the Navy (or that if made it was invalid or unauthorized) or that no such award was ever made to plaintiff but in view of the very unusual nature of the claim we shall, sua sponte, order plaintiff to file an amended petition giving in detail the alleged circumstances of the award and agreement. In the circumstances of this case a much more detailed petition is necessary to comply with Rules 35(a) and 35(d) of our Rules.
it is therefore ordered that defendant’s motion to dismiss (on the ground of limitations) is denied but that plaintiff is directed to file, within thirty (30) days of the *618 date of this order, an amended petition setting forth in detail: (1) with what specific persons, from the Navy or otherwise (giving names), plaintiff made the agreement alleged in paragraph 3 of the petition; (2) the date and place of the alleged agreement; (3) whether it was in writing or oral, and if in writing plaintiff is to supply a copy; (4) the precise terms of the alleged agreement; (5) the terms of the alleged award by President Roosevelt and whether it was in writing (if so, plaintiff is to supply a copy). If plaintiff fails to comply fully with this directive, his petition is to be dismissed.
IT IS SO ORDERED.
On April 12, 1979 plaintiff filed an amended petition, and on May 15, 1979 the court allowed defendant’s motion to suspend proceedings.